## STEPHEN LEROY AND OTHERS v. THE PARK FIRE INSURANCE COMPANY.

### Insurance—Policy—Condition—Survey.

A paper purporting to be a survey of premises for the purpose of insurance, which was made out as a private memorandum of the insurance agent, after the delivery of the policy to the insured, is inoperative as affecting the policy of insurance.

THE Plaintiffs were owners of a paper manufactory, situate in Dutchess County, which they desired to have insured in the Defendants' Company. Jordan Phillips was the local agent of the Defendants, and issued the policy on which this suit is brought. The policy bears date of October 2, 1860, and was to continue for the period of one year.

About six months thereafter, to wit, in May, 1861, an interview took place between the Plaintiff Leroy and the agent Phillips, in which Phillips requested a survey to be made of the property, and in which a survey, described as No. 280, was made out, as testified to by Phillips, May 22, 1861.

The date of this paper Phillips afterwards altered to that of the 14th of October preceding.

Leroy testifies that at the interview in May, Phillips told him he wanted an appraisal of the mill for his own private use, which was put down in writing. That he then wanted a survey made, which Leroy afterwards had made and sent to him. He denies that it is the paper claimed to be survey No. 280, but says that Phillips called that paper a private memorandum, and that Leroy never read it.

This paper contained a statement, in answer to a question if there was a forcing-pump in the mill, in that end :

" No ; fountain-head or flume above the top of the mill, where we attach a hose that will throw water over the whole building."

" Are there casks in each loft, constantly supplied with water ? "

" No casks, but have water in every room, led through by iron pipes and faucets."

Evidence was given of the withdrawal of water from the flume and pipes.

At the close of the Plaintiffs' testimony the Defendants moved for a nonsuit, which was denied.

At the close of the trial, the Defendants made the requests to charge, which were set forth in the opinion of the Court.

The jury found for the Plaintiffs.

The General Term of the Second District affirmed the judgment, and the Defendants now appeal to this Court.

*John Thompson* for the Appellants.

*H. A. Nelson* for the Respondents.

HUNT, Ch.J.—Assuming the facts to be uncontradicted, that the survey was a valid and effective paper, and that the same was a warrantee, the Defendants asked the Court to charge that; as there was no water in the flumes or trunk at the time of the fire, and had not been for five months prior to that, so that none could be thrown over the building or on the wheels, the conditions of the survey and policy, in respect to that fact, were violated by the Plaintiffs, and that they could not recover.

If the Defendants had requested the law to be thus charged, that if the jury were of opinion that the survey had been delivered by the Plaintiffs as a valid instrument, and if they should find the facts respecting the absence of water to be as claimed by the Defendants, a fair question would have been presented.

Two strong objections upon the facts, however, are found in the case, against the propriety of this request in its present form.

First. The Plaintiff Leroy, as well as the witness Howard, testify, in substance, that the paper signed on the occasion described by the insurance agent as signed by Leroy, was expressly declared by the agent to be needed and intended as his private memorandum merely. That it was never read by him to Leroy, and that it had been altered in its date, and that it was not the

,paper offered in evidence (see Rowley v. Empire Ins. Co., 36 N. Y. 550 ; Plumb v. Mutual Ins. Co., 18 N. Y. 392).

The Defendants were not justified, in the face of this evidence, in assuming that this was a valid survey, binding on the Plaintiffs, and in asking for a charge, as to the law, excluding the right of the jury to decide upon the disputed fact.

It is a serious question whether, under Rowley's case, just cited, this survey, in every respect, was not the act of the company rather than that of the Plaintiff.

Another objection arises from the time when this occurrence took place.   The insurance contract was fully completed in October, 1860, and the policy then delivered, to take effect from its date.

The policy was sent to the Plaintiffs, and there was no agreement on their part that the delivery was to be conditional upon the procuring of the survey.

. The agent did not then make any such claim, nor did he on the trial.   He simply says, *that when he sent the policy* (without condition), he also sent a survey, to be filled out and returned. When the policy was sent, without question or condition, the contract was complete and obligatory.   The rights of the parties were fixed by the papers as they then stood.

A subsequent survey, condition, or warrantee was entirely inoperative.   It was as ineffectual as would be a statement of a ,borrower's salary, or the value of property mortgaged, made months after the contract was completed.

For these reasons the Defendants can take no benefit from the requirement under discussion.

The Defendants made four other requests to charge, of which numbers two, five, and six are based upon the same ideas.

They assume the existence and validity of the survey ; that there has been a violation of the facts represented to exist, without allowing the jury to pass upon either branch of the case, and ask a legal conclusion in favor of the Defendants.   For the reasons already given, this claim cannot be sustained.

The Judge submitted to the jury the question of the materiality

of the risk of the absence of water from the flumes and the pipes, which, in any aspect except that of an absolute warrantee, was the proper question to be submitted, and was the question raised by the answer (Grant *v.* Howard Ins. Co., 5 Hill, 10; Townsend *v.* North-Western Co., 18 N. Y. 168).

The Defendants requested the Judge to charge, that leaving the mill open and unprotected made the risk greater, and avoided the policy, and that the leaving of paper cuttings in the mill produced the same effect.

These objections have no weight. Paper cuttings would naturally and properly be found in a paper-mill. Whether carelessly or neglectfully used, or how far carelessness was to be charged in leaving the mill unwatched, and what was to be its effect, were questions for the jury.

The Defendants, if they wished attention called to these points, should have asked that the questions of fact be submitted to the jury, under proper instructions from the Court.

They did not do so.

Judgment should be affirmed.

Affirmed.

<div style="text-align:right">

JOEL TIFFANY,
State Reporter.