## B. F. ERB v. THE GERMAN INSURANCE COMPANY, Appel lant.

**Insurance:** BREACH OF POLICY CONDITION: *Illegal business.* Evidence that the holder of a policy upon a drug store stock and fixtures is not a registered pharmacist, does not establish the breach of an agreement not to use the building for unlawful purposes. No law requires that the owner of such property, or one conducting such business, shall be such pharmacist; and he may conduct such business by employing a duly qualified pharmacist. McClain's Code, section 2523.

**LANDLORD AND TENANT:** *Evidence.* Where a policy on store fixtures permits the property to be used by a tenant of the insured, evidence that the person who occupied the premises at the time of the fire, was a tenant of the insured, during the month in which the loss occurred, but that shortly before the fire the insured gave to one W, who had traded for the building, an order on the tenant for the last month's rent, is insufficient to show that the latter was not a tenant of the insured at the time of the fire, so far as the fixtures were concerned.

*Appeal from Carroll District Court.*—HON. GEORGE W. PAINE, Judge.

TUESDAY, OCTOBER 20, 1896.

ACTION at law upon a policy of fire insurance. Trial to a jury. Verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*Berryhill & Henry* for appellant.

*Earle & Prouty* for appellee.

DEEMER, J.—On the thirteenth day of August, 1893, defendant issued to plaintiff a policy of fire insurance covering furniture and fixtures, consisting of counters, shelves, and prescription case, contained in a two-story brick building situate on lot 10, block 19, of the Milwaukee Land Company's addition to Coon Rapids, Iowa. On the ninth of September following, the property was destroyed by fire. This action was brought to recover the amount of loss sustained. The defendant pleaded in defense, that at the time the property was destroyed it was being used by a tenant of plaintiff for an unlawful use, contrary to a provision of the policy, which is as follows: "If the premises insured shall be used or occupied in whole or in part for an unlawful purpose, this policy shall cease and determine." The policy also contained the following: "Permission to be used by tenant." Defendant pleaded that at the time of the fire the property was being used by one Henry, who was not a tenant of plaintiff, and that for this reason the policy was of no force. The only testimony adduced upon the trial in support of these issues was, in substance, as follows: One Henry said that at the time of the fire he occupied a storeroom situated upon the lot described in the policy; that he had a contract with plaintiff for the use of certain furniture and fixtures therein; that Erb owned the building when he rented the building and fixtures, but that he traded it about a month

before the fire, to one Wilson, and that Erb gave Wilson an order on him (Henry) for the last month's rent; that he had a drug store in the building, and that he was not a registered pharmacist. The law which it is claimed this evidence shows was violated is as follows: "It shall be unlawful for any person not a registered pharmacist within the meaning of this act, to conduct any pharmacy, drug store, apothecary shop, or store for the purpose of retailing, compounding, or dispensing medicines or poisons" for medicinal use. McClain's Code, section 2523. It is manifest that the proof fails to show a violation of the law. There is no proof that Henry was conducting a pharmacy or drug store contrary to the statute. It is no crime for one to own a drug store, even though he may not be a registered pharmacist. He may have it conducted by those who are competent for such work, and thus fully meet all the requirements of the law. No violation of the law was shown, and the court very properly took this issue from the jury.

As to the other defense, the evidence is also lacking. It shows that Henry was a tenant of plaintiff during the month in which the fire occurred, but that plaintiff gave to one Wilson, who, it seems, had traded for the property, or some of it, shortly before, an order on Henry for the last month's rent. There is nothing to show that Henry was not the plaintiff's tenant at the time of the fire, at least so far as the furniture and fixtures insured are concerned. The lower court correctly held, that there was nothing to submit to the jury but the value of the property destroyed.—AFFIRMED.