# B. F. Erb v. The Fidelity Insurance Company, Appellant.

**Insurance:** ILLEGAL BUSINESS: *Public policy.* A policy of insurance issued to one carrying on a drug business, on his *store and fixtures,* is not void as against public policy because the insured is not a registered pharmacist, so as to be entitled to compound or dispense medicines or poisons, under Acts Eighteenth General Assembly, chapter 75, section 1, though liquor is kept in stock, where it is not shown that the object of the plaintiff in procuring the insurance was to promote and aid an illegal business, or that medicines or poisons were dispensed; as the property insured is not, necessarily, used for illegal business.

**ADDITIONAL:** *Notice to agent.* A provision in a policy of insurance against additional insurance, is waived where the agent of the insurer, whose knowledge is imputable to it, knows, at the time the policy is issued, that an existing policy, issued by another company, is about to be renewed.

**CHANGE OF OWNERSHIP.** A policy was to be void if the interest of the insured in the property covered was other than sole and unconditional ownership. *Held:*

a. The policy is not avoided because the insured contracted to sell the property, where the time fixed for payment had passed, when the policy issued, and nothing had been paid or done under the contract when the fire occured, and this, though the insured expected, when the contract was made that it would be performed.

b. Nor is it avoided because the property was used under an agreement that insured should own it and another party have part of the profits, when the agreement had expired at the date of the fire, leaving, at most, a liability to account for undivided profits.

**CONCURRENT:** *Average and distribution.* Provision in a policy that an insured shall not be liable for a greater proportion of any loss than the amount of the policy bore to the whole insurance, does not avail the insurer where the value of the property destroyed is one thousand four hundred dollars, and the amount of the insurance covering all of it, is one thousand and fifty dollars, though a part of it, of the value of one hundred and sixty-two dollars, is, with other property, covered by three policies, aggregating two thousand and fifty dollars.

*Appeal from Carroll District Court.*—HON. C. D. GOLD-
SMITH, Judge.

WEDNESDAY, DECEMBER 9, 1896.

ACTION at law on a policy of insurance, to recover
for loss caused by fire. After the evidence for each
party had been submitted, the court directed a verdict
for the plaintiff, and rendered judgment in his favor.
The defendant appeals.—*Affirmed.*

*Dudley & Coffin* for appellant.

*Earle & Prouty* and *F. A. Charles* for appellee.

ROBINSON, J.—On the twenty-second day of August,
1893, the defendant issued to the plaintiff the policy
in suit. It insured him in the sum of eight hundred
dollars for the term of one year, against loss or dam-
age by fire on his store furniture and fixtures, while
contained in a building described, situated in Coon
Rapids. On the ninth day of the next September, the
property insured was destroyed by fire. In due time,
the plaintiff gave notice, and furnished proofs of loss.
The defendant refusing to pay, this action was brought
to recover the amount for which the policy was issued.
The verdict and judgment were for the sum of eight
hundred and twenty-eight dollars.

I. The policy, in terms, permitted concurrent
insurance to the amount of two hundred and fifty
dollars, and provided that it should be void if the
insured then had, or should thereafter procure,
other insurance. On the day the policy was
issued, concurrent insurance in the sum of two
hundred and fifty dollars was procured of the Des
Moines Fire Insurance Company, and on the next day,
a policy of insurance was issued by the Merchants'

and Bankers' Insurance Company for the amount of one thousand dollars, a part of which was on the property covered by the policy in suit. This was claimed to be such a violation of that policy as to make it void. The plaintiff insists that when it was issued, the defendant knew of the other policies, but, notwithstanding that knowledge, issued the policy in suit, and received the premium therefor, and hence waived the provision against additional insurance, and is estopped to assert it. M. M. Cooney was the agent of the defendant at Coon Rapids, and the policy in suit was issued through him. He was also agent of the Des Moines Insurance Company, and its policy was issued through him. The plaintiff had a policy issued by the Merchants' and Bankers' Mutual Insurance Company, which had nearly expired, and a few days before the policy in suit was issued, that policy was delivered to Cooney, to obtain a renewal. He was not the agent of the company, but sent for an application, which was filled out by the plaintiff, and returned to him, and the new policy was issued in renewal of the old one, on that application. Athough the new policy was not made until one day after the policy in suit was issued, Cooney necessarily had knowledge of the fact that it would be issued. The knowledge he had of the additional insurance must be imputed to the defendant, and by issuing the policy in suit, with that knowledge, it must be held to have consented to the additional insurance. *Hagan v. Insurance Co.*, 81 Iowa, 331 (46 N. W. Rep. 1114). Objections are made to the testimony of the plaintiff, which showed the knowledge of Cooney of the additional insurance, but we do not find that they are well founded.

II. The policy in suit provides that it shall be void if "the interest of the insured be other than unconditional and sole ownership." It is said this

provision was violated in two instances. The facts in regard to the first are substantially as follows: The property in question was used in a drug store. In August, 1892, the plaintiff entered into an agreement with W. T. James, under which he took possession of the property, and carried on the drug business under the name of W. T. James & Co., until the sixth day of June, 1893. By the terms of the agreement, the plaintiff was the owner of all the property used in the business, and James was to receive, as compensation for his services, one-third of the profits. On the date last named, James went to Des Moines to manage a new drug stock, intending to return to Coon Rapids in a short time, but has not yet done so. The plaintiff was not interested in the Des Moines stock, and has carried on the business at Coon Rapids since James left. There has not been a settlement between them, but nothing in that fact, and nothing in the agreement, gave to James any interest in the property insured. Although his name was used in carrying on the business, he appears to have been an employe, rather than a partner. *Holbrook v. Oberne*, 56 Iowa, 324 (9 N. W. Rep. 291, 17 Am. & Eng. Enc. Law, 845). But, if that was not the case, and a partnership in fact existed, it was terminated before the policy in suit was issued, and the plaintiff was the sole owner of the insured property. He may be under some obligation to account to James for undivided profits, but not for the insured property. The facts in regard to the other alleged violation are, that in December, 1892, the plaintiff made a bill of sale of the stock to his son and to James, and they gave to him promissory notes and a mortgage which purported to be for the purchase price. The transaction was not intended to operate as a sale, however, and within a few days thereafter, the parties to it declared it to be void. The

interest, if any, which it created in the property, was terminated nearly eight months before the policy in suit was issued. The plaintiff had contracted to sell the property to one Funk for some money and interest in land. The contract was to be executed on the first of August, but Funk did not perform it on his part, although the plaintiff expected him to do so. Nothing was paid and nothing had been done under that contract when the fire occurred, and the ownership of the property insured remained in the plaintiff at the time of the insurance, and also at the time of the fire. *Kempton v. Insurance Co.*, 62 Iowa, 83 (17 N. W. Rep. 194). Moreover, a breach of the contract of insurance by reason of that attempt to sell is not pleaded.

III. It is claimed that the policy is void on the ground that it was against public policy. When it was issued, the plaintiff was carrying on a drug business with the property insured. That is described "as his store furniture and fixtures, consisting of show case, counters, shelving, prescription case, shelf-ware, safe, lamps, stove, and office furniture."

It is claimed that the business was illegal, in that the plaintiff was not a registered pharmacist, and kept and sold intoxicating liquors in violation of law. The plaintiff contends that he was entitled to registry, which was wrongfully denied him, but we have no occasion to decide the merits of that claim, and, for the purpose of this case, it may be conceded that he did not have, and was not entitled to, the rights of a registered pharmacist. We do not find any evidence which shows or tends to show that the plaintiff sold any intoxicating liquors during the life of the policy, nor that he intended to sell such liquors when he procured the policy. A few witnesses testiy that they purchased of James or a clerk and drank liquors in the store of the plaintiff, but none of them

testify definitely to a purchase made after the date of the policy, nor after the time the plaintiff took charge of the business. Section 1 of chapter 75 of the acts of the Eighteenth General Assembly, is as follows: "From and after the passage of this act it shall be unlawful for any person, not a registered pharmacist within the meaning of this act, to conduct any pharmacy, drug store, apothecary shop or store for the purpose of retailing, compounding or dispensing medicines or poisons for medical use. * * *" Section 11 of the same act provides that: "Any person, not a registered pharmacist as provided for in this act, who shall conduct a store, pharmacy or place for retailing, compounding or dispensing drugs, medicines, or chemicals for medical use * * * shall be deemed guilty of a misdemeanor. * * *" Section 8 of that chapter, as amended by section 2 of chapter 83 of the acts of the Twenty-first General Assembly, provides that "pharmacists whose certificates of registration are in full force and effect shall have the sole right to keep and to sell under such regulations as have been or may be established from time to time by the commissioners of pharmacy, all medicines and poisons, including intoxicating liquors only for the actual necessities of medicine." These statutes prohibit persons not registered pharmacists from conducting drug stores and other places named, for the purpose of selling, compounding or dispensing medicines or poisons for medicinal use. They do not prohibit the conducting of such places for the sale of other articles which may properly be included in stocks of merchandise kept and sold in them. The evidence does not show that the plaintiff compounded, dispensed, or sold any medicines or poisons after the policy was issued, nor that his place of business was conducted for that purpose. The defendant attempted to show that the stock of

merchandise destroyed included intoxicating liquors, but was not permitted to do so. The rejected evidence would not have shown a violation of the statutes to which we have referred. But, if it were conceded that violation of the law might properly have been inferred from the carrying on of the drug business, and the keeping of intoxicating liquors, it would not follow that the policy was void. The property insured was not necessarily used for illegal purposes, and the issuing of the policy did not necessarily have the effect to encourage and promote an unlawful purpose. The property could have been used as well for a purpose recognized as legal and protected by the law, and it is not shown that the object of the plaintiff in procuring the insurance was to protect and aid an illegal business. We had occasion to consider the question we are considering in the case of *Erb. v. Insurance Co.*, 98 Iowa, 606 (67 N. W. Rep. 583), where we held that an insurance policy on the stock of merchandise kept for sale by an unregistered pharmacist was not void. See also, *Erb v. Insurance Co.*, 99 Iowa, 398 (68 N. W. Rep. 701). What was there said, is applicable to the question under consideration, and, following the rule of that case, we hold that the policy in suit is not void.

IV. The policy provides that the defendant shall not be liable under it for a greater proportion of any loss on the property insured than the amount it insured bore to the whole insurance. It is claimed that the amount of plaintiff's recovery was greater than the proportion designated. That would be true if the two thousand and fifty dollars of insurance, for which the three policies we have mentioned were issued, was all on the same property, but that is not the case. The policy in suit and that issued by the Des Moines Fire Insurance Company to the amount of two hundred and fifty

dollars, are on substantially the same property. The policy of the Merchants' and Bankers' Insurance Company only covers a small part of that property, which was of the value of one hundred and sixty-two dollars. The total value of the property covered by the policy in suit and destroyed by fire was nearly one thousand four hundred dollars, and the total insurance upon it was but one thousand two hundred dollars. Therefore, the plaintiff was entitled to recover the full amount for which the policy in suit was issued, with interest, and the sum for which judgment was rendered did not exceed that amount. We find no ground for disturbing the judgment of the district court, and it is AFFIRMED.