## Staunton.

# FARMERS & MECHANICS BENEVOLENT FIRE INSURANCE ASSOCIATION V. WILLIAMS.

### SEPTEMBER 27, 1897.

1. EVIDENCE—*Admissibility of Parol Testimony—Written Application for Insurance—Parol Evidence of Statements to Agent.*—Parol evidence is admissible to show the circumstances under which a written application for insurance was made. Although the written application states that the assured never had property burned, and that a watchman should be kept at the property at night, it may be shown by parol evidence that the assured stated to the agent who filled the blanks in the application for the policy that he had a house burned in another State by fire communicated from other buildings, and that the agent replied that unless the fire originated on his premises it would not be considered his fire, and filled in the answer "none" to the question in the application as to other property burned; and, as to the watchman, that it was agreed between the assured and the said agent that the stipulation in the application and policy as to watchman should be deemed to be complied with by engaging the services of a man as watchman who was employed in that capacity at a saw-mill situated in sight of, and distant not more than sixty or seventy yards from, the property insured

2. INSURANCE—*Knowledge of Agent Imputed to Company.*—Knowledge of facts material to the risk, communicated to the agent of an insurance company who fills out the application for the policy, which is subsequently delivered, is imputed to the company, whether communicated to it by its agent, or not, unless it is shown that special limitations on the powers of the agent were known to the assured.

Error to a judgment of the Circuit Court of Botetourt county rendered June 5, 1896, in an action on an insurance policy,

wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Affirmed.*

The opinion states the case.

*Moomaw & Woods,* for the plaintiff in error.

*Benjamin Haden* and *Wm. B. Simmons,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

J. J. Williams filed a statutory declaration upon a policy of insurance, issued by the defendant company, to recover for the loss by fire of certain property. To this action the defendant company appeared and pleaded *non assumpsit,* with the stipulation that, without any grounds of defence being stated, it might make any defence permissible under that plea. There was a verdict for the plaintiff, which, in the judgment of the court, was excessive, and the plaintiff was required to release a portion of it, and judgment was finally rendered against the defendant for the sum of $1,421.06, with interest thereon from the 12th of December, 1895, until paid. During the progress of the trial several bills of exceptions were filed by the defendant company to the rulings of the court, and they are assigned as grounds of error in the petition to this court upon which the writ of error was awarded.

The material facts are as follows:

J. J. Williams was engaged in the business of canning tomatoes in the county of Botetourt. The building in which the property insured was stored belonged to E. J. McCullock, and upon the building there was a policy of $500. On the first day of September, 1895, J. J. Williams applied to the defendant

company, through J. B. Lemon, its local agent, for insurance on 5,000 cases of two-pound cans and 3,000 cases of three-pound cans, empty or filled, in the McCullock factory, valued at $3,200. In reply to the question: "Have you ever had property burned, when, what were the causes, and was it insured?" the answer given in the application is "None", and upon the face of the policy, in writing, is the statement that it was insured "with the provision that a watchman be kept at property at night." And it is further provided: "This policy is made and accepted in reference to the terms and conditions herein contained and annexed, which are hereby declared a part of this contract, and are to be used and resorted to in order to determine the rights and obligations of the parties." The amount of the insurance was $2,100.

It appears from evidence which was admitted, and we think properly so, over the objection of the defendant company, that, at the time the policy was applied for, the insured informed the agent of the company who filled in the answers to the interrogatories propounded in the application, that some years since property of his was destroyed in the state of Missouri, where the plaintiff was engaged in the drug business; that there was insurance upon it, and that the property was destroyed by fire, but the agent being informed that the fire did not originate upon the premises of the plaintiff, but was communicated to it from other buildings, said, "that it made no difference as long as it did not start in my building," and in answer to the question: "Did Mr. Lemon tell you what answer to make to that enquiry here?" plaintiff replied: "He simply said that it would not be considered my fire unless it started in my building, and he said answer 'No.'"

It is provided on the face of the policy that a watchman should be kept at the property at night, and the plaintiff was permitted to prove, over the objection of the defendant, that he had agreed with Lemon, the agent, that it would be a sufficient compliance with this stipulation in the policy if he engaged the

services, as watchman, of a Mr. Switzer, who was employed in that capacity at a saw-mill situated in sight of and distant from the canning factory not more than 60 to 70 yards. To the admission of this parol testimony the company objected, but the objection was, we think, properly overruled.

The only subject of interest presented in the record is with respect to the effect of knowledge communicated by the assured to an agent of an insurance company at the time the application for insurance is made.

Upon the part of the plaintiff it is contended that Lemon, the agent, was fully informed as to the loss which the plaintiff had sustained by the burning of property in the state of Missouri upon which he had a policy of insurance; that he was fully informed at the time the application was made and the policy was issued that the watchman to be employed, in accordance with the stipulation contained in the policy, was charged also with the duty of watchman at a neighboring saw-mill; that his time and attention would not be wholly devoted to the care of the plaintiff's property; and that with knowledge of these facts the defendant's agent filled up the application in answer to the enquiry as to the previous fire by writing the word "None," and expressed the opinion that that answer under the circumstances was a truthful response, as the company was only interested to know of loss by fire originating upon the premises of the plaintiff, the agent being of opinion that a watchman charged with the double duty of caring for the saw-mill and the factory satisfied the terms and conditions contained in the policy with reference to a watchman.

The whole subject of the powers of such an agent as Lemon, and of the effect of knowledge communicated to him at the time the application is made, and a policy issued for insurance, has been so fully discussed in *Mutual Fire Insurance Co.* v. *Ward,* ante p. 231, just decided, that it is unnecessary to do more than refer to the opinion in that case. The powers of the agent in that case and in this are, if not identical, strikingly

similar, and all that is there said with respect to the effect on the company of knowledge communicated to the agent is equally applicable here. In one aspect, indeed, this case is a stronger one in behalf of the insured than that, for in that case there was knowledge of "other insurance" communicated to the agent, while here not only was knowledge of all the facts with reference to the questions and answers in the application and the provision in the policy which are now relied upon to exonerate the insurance company from liability communicated to the agent whose duty it was to give information to the assured, but he prepared the policy and, with full knowledge of all the facts, assured the applicant that the answers were sufficient.

As was said by Justice Cooley in the case of *Ætna Ins. Co.* v. *Olmstead*, 21 Mich. 253: "Where an agent, who, at the time and place is the sole representative of the principal, assumes to know what information the principal requires, and, after being furnished with all the facts, drafts a paper which he declares satisfactory, induces the other party to sign it, receives and retains the premium moneys, and then delivers a contract which the other party is led to believe, and has a right to believe, gives him the indemnity for which he paid his money, we do not think the insurer can be heard in repudiation of the indemnity, on the ground of his agent's unskilfulness, carelessness, or fraud. If this can be done it is easy to see that the community is at the mercy of these insurance agents, who will have little difficulty in a large proportion of the cases, in giving a worthless policy for the money they receive."

In *Lynchburg Fire Ins. Co.* v. *West*, 76 Va. at p. 580, a case in some of its aspects not unlike the one before us, Staples, J., uses the following language: "If the defendants were misled, it was by their own agent, and not by the plaintiff. The latter honestly gave the agent all the information that was required of him. He relied upon the agent to see that the business was correctly done, according to the requirements of the company.

Called upon to make answers to certain interrogations, he had the right to presume that the agent was competent to understand their meaning and effect as well as the meaning and effect of the provisions of the policy bearing upon the disclosures made. The defendants ought not now to be heard to say that the agent of their own selection had exceeded his powers, and that he had not communicated to them the facts made known to him by the plaintiff. This is manifestly so, unless it could be shown that special limitations upon the powers of the agent were known to the plaintiff, or plainly appeared from the nature of his employment."

No such limitations upon the powers of the agent are brought home to the assured either in the application, or otherwise.

There are objections as to the ownership of the property and its value. There is the suggestion that the fire was caused by the act of the insured, but all these questions were properly submitted to the jury, and their finding upon them is conclusive; and, it may be added with respect to the origin of the fire, that there was no evidence to sustain the imputation of bad faith upon the part of the assured.

The motion for a new trial upon the grounds that the verdict was contrary to the evidence was properly overruled.

Upon the whole case we are of opinion that there was no error for which the judgment should be reversed, and it is therefore affirmed.

*Affirmed.*