[No. 5744.]

THE LOYAL MUTUAL FIRE INSURANCE COMPANY v. J. S. BROWN & BRO. MERCANTILE COMPANY.

1.  **Insurance — Application — When Part of the Policy —** Where a policy is issued without any written application, and without any agreement to execute one, and the making of such application is not a condition precedent to the taking effect of

the policy, an application subsequently delivered by the insured is no part of the contract. Neither the insurer nor the insured is affected thereby.—(470)

In such case, a condition in the policy that it shall be void if the assured fails to build certain chimneys, "within thirty days from date of this application," is without effect, nor is the application to be referred to, in order to determine the interest of the assured.—(471, 472)

2.. **Evidence—Parol Admissible**—Subsequent to the issuance of a policy of insurance, an application in writing is transmitted by the insured to the insurer; the assured may, in an action on the policy, under proper allegations, show the attendant circum-stances, to establish that he was not bound by the statements contained in the application.—(471)

3. **Increase of Hazard** is a question of fact. If the assured makes this defense it has the burden of proving it. It will not be inferred from the mere fact of additions or improvements to the structure, made subsequent to the issuance of the policy. —(473)

4. **Insurance—Violation of Conditions**—If the insurer would avail himself of the violation of a condition of the policy which avoids it, he must expressly plead the facts relied upon to estab-lish such violation.—(474)

*Appeal from Denver District Court* — Hon. FRANK T. JOHNSON, Judge.

Mr. JOHN F. MAIL, for appellant.

Messrs. BICKSLER, BENNETT & NYE, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

The Loyal Mutual Fire Insurance Company issued a policy of insurance to one M. S. Beach, whereby it insured the latter from loss by fire, upon a building occupied as a store-room and residence, and also upon its contents, consisting of household goods and merchandise. The property insured was destroyed by fire, and thereafter Beach, for a valuable consideration, sold and transferred to The J. S. Brown & Bro. Mercantile Company all his interest in, and claim to, the liability of the insurance company, for

the loss occasioned by the fire.  The mercantile company brought suit against the insurance company. On the issues made by the pleadings, the case came on for trial before a jury.  At the conclusion of the testimony the court directed a verdict in favor of the plaintiff, and judgment was rendered accordingly. From this judgment the insurance company appeals.

The several assignments of error urged by counsel in support of the contention that the court erred in directing a verdict are embraced in the one general proposition, that, under the testimony, the court should have directed a verdict for the insurance company, instead of a verdict for the plaintiff.  The policy refers to an application for insurance made by Beach, and makes it a part of the policy, which recites that one of the considerations for its issuance is, the agreements, covenants, statements, and warranties, of the assured in the application.  The policy was offered by plaintiff, without offering in connection therewith the application referred to.  The complaint did not mention any application.  The answer did, but the plaintiff, by replication, pleaded facts from which it appeared the application set up by defendants, in its answer, was no part of the policy. The insurance company objected to the reception of the policy upon the ground that the application was a part of the contract of insurance, and without it the policy was incomplete.  Counsel for plaintiff replied that they did not have the application, and therefore could not offer it.  Counsel for the insurance company then stated that he had the application in his possession, and would deliver it to opposing counsel upon request.  The objection was overruled.

What the rule might be in a case where the application for insurance is referred to in the policy and made a part thereof, and the complaint refers to it, when it is within the power of the plaintiff to offer

it in connection with the policy, we are not required to determine. It appears from the testimony that the agent of the company called at Beach's place of business and wanted to write a policy. Mr. Beach was not at home, and the agent requested Mrs. Beach to sign an application in her husband's name. She refused, and the agent then stated that when he returned to Denver he would send Beach a policy and an application, which Beach could sign and return. A few days later he mailed to Beach the policy of insurance involved, and also a blank application, which he requested Beach to sign and return to him. Beach accepted the policy, and signed the application in blank, without answering any of the questions, or making any statements in relation to the property insured. It should be borne in mind that it does not appear the execution of the application was a condition precedent to the policy taking effect, or that it was issued under an agreement on the part of Beach to execute one afterwards. In such circumstances the rule of law is, that where a policy of insurance has been issued without a written application, and without an agreement to execute one afterwards, an application subsequently delivered is not a part of the contract of insurance.—*Michigan Ins. Co. v. Wich,* 8 Col. App. 409; *LeRoy v. Park Fire Ins. Co.,* 39 N. Y. 56. The court did not err in permitting the policy to be introduced without the application, because it appears there was none upon which the policy was predicated.

Counsel for the insurance company contends that the evidence relative to the circumstances under which the policy was delivered, and the application was signed, should not have been admitted, for the reason that this testimony contradicted the replication in the case. The purpose of the averments of the replication filed by plaintiff was to state facts from

which it would appear that the application was in no sense a part of the policy, and that any statements or representations therein would not be binding upon Beach, and it was, therefore, competent to admit testimony with respect to what actually took place between Beach and the agent, with reference to the application, for the purpose of proving Beach was not bound thereby.—*State Ins. Co. v. Taylor,* 14 Colo. 499.

The next point urged on behalf of the insurance company is, that the evidence discloses such violation of conditions of the policy of insurance, by Beach, that the company was relieved from all liability thereon.   In support of this contention it is claimed the policy provided that it should be void if the insured concealed any material fact as to his ownership of the property, or if he failed to provide the building with brick or stone chimneys, or if the hazard be increased by any means within his control or knowledge, or if the insured property be a building on ground not owned by the insured in fee simple.   There is no testimony whatever that Beach concealed any fact as to his ownership of the property described in the policy.   It is true that in the copy of the application attached to the answer of the insurance company it appears from the answers inserted after Beach had signed the application, that no one was questioning his title, and that he was the sole and undisputed owner of the property for which insurance was requested; but this application was signed and delivered after the policy of insurance was delivered to him, without any agreement upon his part which would make it a part of the policy; hence, the liability of the insurance company was in no sense limited or affected by anything contained in the application, nor could the right of Beach or his assignee to recover, after loss, be defeated by the terms and conditions of an application

issued and delivered in such circumstances.—*Michigan Ins. Co. v. Wich, supra.* When the policy was executed and delivered without qualification or condition, it became the completed contract between the parties, and their rights were fixed by the policy itself.—*LeRoy v. Park Fire Ins. Co., supra.*

It appears from the testimony that at the time the policy of insurance was issued, the building was equipped with one brick chimney, and one metal safety chimney. This was the condition of the building with respect to chimneys at the time it was destroyed by fire. On behalf of the company it is claimed that the failure of Beach to replace the metal safety chimney with a brick or stone chimney voided the policy, because of a provision in the policy which required him to make this change within thirty days after the policy was issued. The application to which reference has been made purports that Beach represented that stove pipes did not pass through the roof, floor or partitions, and in case such pipes did pass through the roof, he agreed to build a good and substantial brick or stone chimney within thirty days, or the insurance would be void. The provision in the policy to which counsel refers is as follows:

"This entire policy shall be void * * * if assured fails to build or have built brick or stone chimneys *within thirty days from date of this application,* when building is not already provided with such brick or stone chimneys."

This clause, it is evident, refers to the questions and answers contained in the application; but as we have seen, there is no application which in any manner affects the obligation of the insurance company on its policy of insurance; consequently, the clause quoted is of no force or effect, because it attempts to impose an obligation upon the insured which he must discharge within a specified time from the date

of an instrument which in law has no existence and is of no binding force upon him. Or, to otherwise state the reason why the provision in the policy relied upon does not avail the company, the purpose thereof was to enforce the one in the application relating to chimneys; but as the application in question was not executed until after the policy was issued in circumstances which did not affect it, there is no antecedent agreement to which it attached, or which fixes or affects the rights of the insured or his assignee.

It appears from the testimony that Beach, subsequent to the issuance and delivery of the policy, built an addition to the building 12 x 18 feet, and also added a second story to the original building. Through the roof of the second story he passed the stovepipe, through a metal safety chimney, made of heavy galvanized iron, of such size that a space of two inches was left between the pipe and the safety appliance. The policy provides that it shall be void if the hazard be increased by any means within the control or knowledge of the insured. One of the defenses interposed was to the effect that by the improvements and additions and passing the stovepipe through the roof the hazard was increased. Whether or not the action of the insured with respect to the property covered by the policy increased the hazard beyond that as it existed when the policy was issued, is one of fact.—Joyce on Insurance, § 2194; Kerr on Insurance, § 151, p. 417; *Kircher v. The Milwaukee Mechanics' M. I. Co.*, 74 Wis. 470; *Schenck v. Mercer Co. M. F. Ins. Co.*, 24 N. J. Law 447; *LeRoy v. Park Fire Ins. Co., supra.*

There was no testimony, either direct, or from which it could be inferred, that the additions to the building, or the passing of the pipe through the metal safety appliance increased the hazard in the slightest

degree, or that the loss was occasioned by fire which originated in the additions, or because of some defect in the safety appliance; on the contrary, it appears from the evidence that the fire originated in the kitchen, which was at all times equipped with a brick chimney.

The claim that the policy was rendered void because the building was located on ground not owned by the insured in fee simple is not before us for consideration, because the pleadings do not present this defense. The part of the answer upon which counsel for defendant predicates the right to have this question considered, stated, in substance, that the policy shall be void if the interest of the insured in the property be not truly stated herein, and that the insured concealed the fact that he was not the owner of the premises on which the house was situated, and falsely represented that he owned it. With respect to the alleged concealment and representations of Beach, regarding the title to the ground, there is no testimony whatever, as we have already pointed out that he ever, made any statements or representations whatever regarding title, so that the allegations regarding title were not proved. True, the answer alleges that the policy shall be void if the interest of the insured in the property be not truly stated therein, but the policy does not state what that interest is. We cannot go to the application upon which the insurance company relies for the purpose of determining that question, for the reason that it is of no force or effect, and in the circumstances of this case, is no part of the policy. Nowhere in the policy, so far as we are advised, is the interest of Beach in the ground upon which the building is situate specified. True, the policy provides that it shall be void if the subject of insurance be a building on ground not owned by the insured in fee simple; but this is

not a statement as to what his title is to such ground, but merely a provision which will result in avoiding the policy if the insurance company sees fit to take advantage of it. It has not done so by any pleading on its part. The part of the answer upon which counsel relies to enforce a forfeiture because of the provision in the policy last referred to does not in any manner refer to such provision. If an insurance company wishes to take advantage of a clause in a policy which voids it, it must do so by pleading facts squarely presenting that question.

According to the undisputed testimony competent to consider under the issues made by the pleadings, the trial judge did not err in directing a verdict for the plaintiff. The judgment of the district court is affirmed.                                     *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE HILL concur.

Opinion filed December 6, A. D. 1909; rehearing denied April 4, A. D. 1910.