## Richmond

## INTERSTATE FIRE INSURANCE COMPANY V. MCFALL.

November 21, 1912.

Absent, Cardwell, J.

1. FIRE INSURANCE—*Completed Contract—Undelivered Policy—Enforcement in Equity—Unpaid Premiums.*—Where a contract for the insurance of a building has been made with the agent of an insurance company having authority to issue policies, and the premium has been paid, but before the policy is issued the building is consumed by fire, a court of equity has jurisdiction to enforce the payment of the policy at the suit of the assured against the insurance company. The same is true where the premium has not been paid, but by agreement of the parties was not to be paid until the policy was delivered, which had not been done at the time of the fire.

2. FIRE INSURANCE—*Authority of Agent—Credit for Premiums.*—An agent of an insurance company authorized to effect insurance and to issue and deliver policies and collect the premiums therefor, has power to give time for the payment of premiums.

3. FIRE INSURANCE—*Apportionment of Risk.*—Where there is a total loss on a "store building, warehouse and barn," which constitute but a single structure, there is in substance but a single risk, and there is no apportionment of the risk upon the property insured.

4. APPEAL AND ERROR—*Error Corrected on Appeal—Amendments.*—The trial court having given judgment for the face value of an insurance policy, upon which the premium had not been paid, and there being no other error in its judgment, this court will amend the judgment by deducting therefrom the amount of the premium agreed to be paid, and, as amended, affirm it.

Appeal from a decree of the Circuit Court of Wise county. Decree for the complainant. Defendant appeals.

*Amended and affirmed.*

The opinion states the case.

*R. W. Withers* and *Irvine & Morison,* for the appellant.

*E. L. Barr* and *Vicars & Peery,* for the appellee.

KEITH, P., delivered the opinion of the court.

McFall filed his bill in the Circuit Court of Wise county, which states that on the 11th day of November, 1909, the Interstate Fire Insurance Company, through its agent, the Virginia-Kentucky Insurance Corporation, solicited him to take out a policy of fire insurance on a certain storehouse, warehouse and barn owned by him; that the Virginia-Kentucky Insurance Corporation was the authorized agent and representative of the Interstate Fire Insurance Company for the purpose of effecting fire insurance on property and issuing and delivering policies of fire insurance covering the risks on such property; that he (McFall) did, at the solicitation of said Interstate Fire Insurance Company, make due application for insurance in the sum of $900 on the said storehouse, warehouse and barn, which policy of insurance was to be issued under and in pursuance of said application, and in conformity with the Virginia standard of fire insurance policies. The risk was to commence on the 13th day of November, 1909, at noon, and was to run for a period of one year from that date. The bill states that said application was received and accepted by the Virginia-Kentucky Insurance Corporation, agent of the Interstate Fire Insurance Company, and it thereby agreed and promised complainant, in consideration of the sum of $18.00, the premium on said policy of insurance specified in said application to be paid to the Interstate Fire Insurance Company, to issue and deliver unto complainant a policy of fire insurance in the sum of $900; that no policy of fire insurance had ever been issued and delivered to complainant insuring his prop-

erty under and pursuant to said application; that on the night of the 13th day of November, 1909, and after the time at which said policy of insurance should and would have become effective, and while the property was being occupied by complainant as a mercantile and private barn, which the Interstate Fire Insurance Company had agreed and promised to insure against loss by fire, it was totally destroyed by fire; that thereupon complainant requested the Virginia-Kentucky Insurance Corporation, agent and representative as aforesaid of the Interstate Fire Insurance Company, to issue and deliver to complainant a policy in accordance with said contract and in pursuance of said application; that he tendered to said Interstate Fire Insurance Company by and through its agent and representative, the Virginia-Kentucky Insurance Corporation, the said sum of $18.00, premium therefor, but that said Interstate Fire Insurance Company failed and refused to issue and deliver to complainant the said policy of insurance under and pursuant to said application; that due notice of the loss of the property by fire, as aforesaid, was given in writing to the Interstate Fire Insurance Company, and to its agent, Virginia-Kentucky Insurance Corporation, and due and proper proof of loss was furnished to said Interstate Fire Insurance Company and its agent, Virginia-Kentucky Insurance Corporation, within ninety days from the date of loss by fire as aforesaid.

Complainant avers that by reason of the premises there was a valid and binding contract between him and the Interstate Fire Insurance Company to insure the property specified; that the Interstate Fire Insurance Company was under obligation to issue and deliver to complainant a fire insurance policy in the sum of $900; and that said contract of insurance, as above set forth, is such a contract as a court of equity will specifically enforce, with proper prayers for relief.

The defendant demurred to and answered this bill. It denies that through its agent it solicited the plaintiff to take out a policy of fire insurance with it on the property mentioned in the bill. It admits that the Virginia-Kentucky Insurance Corporation was its duly authorized agent for the purpose of effecting fire insurance on property and issuing and delivering policies covering risks on property. It denies that any application was received and accepted by it through its agent, and that it ever promised in consideration of the sum of $18.00, or any other sum, to issue and deliver to plaintiff a policy of fire insurance in the sum of $900, or any other sum. It neither admits nor denies the destruction of the building by fire, denies all knowledge of the subject and requires proof of this allegation. The respondent further claims that if a fire did occur at the time and in the manner stated in plaintiff's bill, and the buildings were burned as alleged, the plaintiff would not, under the facts of this case, be entitled to recover the sum of $900, because the plaintiff did not comply with the terms of the policy, and the value of the property alleged to have been burned did not amount to enough to justify the recovery of the sum of $900, or anything near that amount.

There is no merit in the demurrer.

In the case of *Wooddy* v. *Old Dominion Ins. Co.*, 31 Gratt. (72 Va.) 362, 31 Am. Rep. 732, it is said, that "Where a contract for the insurance of a building has been made with the agent of an insurance company having authority to issue policies, and the premium has been paid, but before the policy is issued the building is consumed by fire, a court of equity has jurisdiction to enforce the payment of the policy at the suit of the assured against the insurance company." A number of cases are there cited which are here referred to, but need not be again reviewed, and which fully sustain the jurisdiction of a court of equity to grant relief in cases such as this.

It is true that in *Wooddy* v. *Old Dominion Ins. Co.* *supra,* it appears that the premium had been paid, but the case before us is not to be differentiated upon that ground, for the bill avers that the premium of $18, which had been agreed upon, was to be paid upon the issuance and delivery by the Virginia-Kentucky Insurance Corporation of the policy of fire insurance contracted for, and that the policy was never issued and delivered to complainant in accordance with the contract.

Upon the pleadings and proofs, the circuit court entered a decree against the insurance company for the sum of $900, with legal interest from the 13th day of January, 1910, which is before us upon an appeal granted the insurance company.

We are of opinion that the appellee has fully proved his case. It is admitted that the Virginia-Kentucky Insurance Corporation was the duly authorized agent of the Interstate Insurance Company for the purpose of effecting insurance on property and issuing and delivering policies. There is sufficient proof that this agent solicited the risk, and that on the 11th of November, 1909, there was an agreement between McFall and the agent of the insurance company to issue a policy for $900, the risk in which should begin on the 13th of November, 1909, at noon, and terminate on the 13th of November, 1910, at noon; that the property was fairly valued; that no misrepresentation was made with respect to it; and that there was a total loss. It appears further that the agent agreed to give thirty days' time for the payment of the premium. That this was within his power is shown by *Wytheville Ins. Co.* v. *Teiger,* 90 Va. 277, 18 S. E. 195; Wood on Insurance, secs. 22-a, 43-b; and *Franklin Ins. Co.* v. *Colt,* 87 U. S. (20 Wall) 423, 22 L. Ed. 423; Vance on Insurance, sec. 67; May on Insurance, sec. 360.

The conceded powers of the agent in this case were so

broad that there is no occasion to resort to his implied or apparent authority to accept risks and issue policies. We will refer, however, to *Insurance Co.* v. *Kinnier,* 28 Gratt. (69 Va.) 88; *Fire Ins. Co.* v. *Ward,* 95 Va. 231, 28 S. E. 209; *Insurance Co.* v. *Williams,* 95 Va. 248, 28 S. E. 214; *Kitchen* v. *Ins. Co.,* 57 Mich. 135, 23 N. W. 616, 58 Am. Rep. 344; *Erb* v. *Ins. Co.,* 99 Ia. 327, 69 N. W. 261. Authorities to the same effect could be cited without limit.

It is contended by the appellant that there was no apportionment of the risk upon the property insured, and, therefore, the contract cannot be enforced. In support of this proposition *Kimball* v. *Lion Ins. Co.* (C. C.), 17 Fed. 625, is relied upon; but in that case it distinctly appears that the parties contemplated making such apportionment, while in this case nothing of the sort appears. There was a total loss upon what was in substance a single risk, for while the property insured is spoken of as a "store building, warehouse and barn," it appears from the proof that it constituted in fact a single structure.

It appears that the premium of $18 was never paid, in point of fact, and we think that the decree of the circuit court should be amended so as to allow this sum as a credit upon the amount named in its decree, and that as amended the decree should be affirmed.

*Amended and affirmed.*