[No. 7245.]

COLORADO LEASING, MINING & MILLING COMPANY V.
PALATINE INSURANCE COMPANY, LIMITED.

INSURANCE—*Application for Policy*, made after the issuance of
the policy, and without any agreement that it shall be made, is no
part of the contract. The case ruled by the judgment in *Connecticut
Company v. Colorado &c. Co.*, 50 Colo. 524. (236)

*Error to Fremont District Court.*—Hon. M. S.
BAILEY, Judge.

Mr. JAMES T. LOCKE, for plaintiff in error.

Mr. SYLVESTER G. WILLIAMS and Mr. CLYDE C. DAW-
SON, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the
court:

Every contention raised in this case has been ad-
judicated in the case of *Connecticut Ins. Co. v. Colo.
Leasing, Mining and Milling Co.*, 50 Colo. 424.

This case involves one of the insurance policies is-
sued at the same time, upon the same property, and to
the same owner as in the foregoing case.

The defendant in error here issued its policy for
$20,000, being one-third of the entire insurance taken
upon the mill and property of plaintiff in error, on the
27th day of May, 1904. An exhaustive and detailed
statement of the case will be found in *Connecticut Co. v.
Colo. Co., supra*, and it can serve no good purpose to re-
peat it here. The only question urged in this case is the
admission in evidence of an application for insurance
signed and delivered to the defendant company, after
the delivery of the company's policy to the plaintiff in
error, and the consideration given by the court to one of
the questions and answers contained in such application.

These points have been determined in the *Connecticut Ins. case, supra,* but it may be well to refer to them further.

The record makes it clear that the application relied on by the insurance company in this case was not written, signed, suggested, or considered prior to the delivery of the policy in question, but was first requested by the general agent of the company, in a letter written from his office in San Francisco, two days after the policy was issued and delivered by the agent of the company at Florence, Colorado, where this cause of action arose.

This very application was offered in the *Connecticut Co.* case and was there held to be inadmissible in any case, under the state of facts presented, and particularly so in that case, where it did not purport to be an application for the policy nor to the company involved in the action. The court there said of this application:

"The defendant says the court erred in refusing to admit in evidence an application for insurance made by the plaintiff to a company other than the defendant, and delivered to McCandless several days after the policy in this case was issued. That the application was inadmissible, even if made to the defendant, when it does not appear that the making of the application was a condition precedent to the policy taking effect or that it was made under an agreement on the part of plaintiff to make one after the issuance of the policy, is settled by this court in *Loyal Mutual Co. v. Brown Co.,* 47 Colo. 467, [107 Pac. 1098], and when made to an entirely different company than the defendant, there is much more reason for not admitting it."

This has been the consistent holding of this court. In *Loyal Mutual Co. v. Brown, supra,* the court said:

"It should be borne in mind that it does not appear the execution of the application was a condition precedent to the policy taking effect, or that it was issued under an agreement on the part of Beach to

execute one afterwards.  In such circumstances the rule of law is, that where a policy of insurance has been issued without a written application, and without an agreement to execute one afterwards, an application subsequently delivered is not a part of the contract of insurance.—*Mich Ins. Co. v. Wich*, 8 Colo. App. 409, [46 Pac. 687]; *LeRoy v. Park Fire Ins. Co.*, 39 N. Y. 56.''

The court in the case at bar instructed a verdict for the defendant company, and such instructed verdict was based solely upon the erroneous theory that such application was a part of the contract of insurance, and therefore admissible, and that the answer to a specific question in such application was material.

Holding then, that the application was no part of the contract of insurance, in this case, it is immaterial as to what questions and answers it contained.  They were not under such circumstances either representations or warranties and constituted no consideration or basis for the issuance of the policy.  The questions raised by the appellee having been fully disposed of and determined in this case, and in the *Connecticut Co. v. Colo. Co. supra*, and the amount of judgment to be rendered exactly ascertainable from the record, the judgment is reversed and the cause remanded with directions to enter judgment in favor of plaintiffs below, and against the defendant below, in the sum of one-third of the amount found by the adjusters committee to be the actual loss by reason of the burning of the insured property, together with interest from the commencement of this suit, and with costs to be taxed.

*Judgment reversed and remanded.*

MUSSER, C. J. and GARRIGUES, J. concurring.