FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, v. APPLEBAUM.

[No. 9,679. Filed March 5, 1919.]

INSURANCE.—*Fire Insurance.*—*Unconditional and Sole Ownership of Property Insured.*—Where, prior to the issuance of a fire insurance policy, insured entered into a written agreement whereby another was "to be and become a partner," upon payment of $2,500, and was to have an interest in the store and business cov-

ered by the policy "when he had paid the full amount agreed upon," but the prospective partner, after making a payment of $800, abandoned the agreement, insured, on destruction of the property, may recover on the policy, notwithstanding a stipulation providing that the policy should be void unless at the time it was issued insured was the sole and unconditional owner of the property insured, since the agreement was in the nature of an option to the prospective partner which was unenforceable by insured, so that insured was the sole owner of the property within the meaning of the policy.

From Greene Circuit Court; *Theodore E. Slinkard,* Judge.

Action by Phillip Applebaum against the Fireman's Insurance Company of Newark, New Jersey. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Seymour Edgerton* and *Davis & Davis,* for appellant.

*William L. Slinkard, Will R. Vosloh, Arthur Mayfield* and *Oscar R. Shields,* for appellee.

REMY, J.—This is an action by appellee on a fire insurance policy. Appellant company pleaded in bar of the action that the policy had been rendered void by misrepresentation on the part of the insured as to his interest in the property covered. The trial court made a special finding of facts, and stated its conclusions of law thereon, upon which judgment was entered for appellee.

The findings of the court, so far as they are necessary to a proper disposition of the questions presented, are as follows: On May 15, 1914, the Fireman's Insurance Company, appellant herein, issued and delivered to appellee the policy sued on, insuring against fire the merchandise and fixtures of a certain store, appellee at the time representing to appel-

lant's agent that he was the owner of said property. On July 24, 1914, the property insured was totally destroyed by fire, after which appellant denied all liability. The policy provided, in part, that:

> "This entire policy shall be void if the insured has concealed or misrepresented in writing, or otherwise, any material fact or circumstances concerning this insurance or the subject-matter thereof. * * * This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the interest of the insured be other than unconditional and sole ownership."

Said stipulations were not changed or modified by any agreement indorsed thereon or added thereto. After the fire appellant tendered to appellee the full amount of the premium paid, and on his refusal to accept such premium, the same was, before the trial of this cause, paid to the clerk of the trial court for appellee's benefit. It is further found that, prior to the issuance of the policy sued on, appellee and one Gold entered into a written contract, by the terms of which it was agreed that Gold should have an interest in said store and business, and that they should become partners therein, when said Gold had paid to appellee the sum of $2,500, of which amount Gold paid to appellee, before the policy was issued, the sum of $800, but made no further payment thereon; that about one month before the fire, appellee, with Gold's consent, destroyed the written contract, but has not returned the $800; and that the value of the fixtures and stock of goods at the time of the fire was $6,500.

The court, by its conclusions of law, held the policy valid, and that appellant was indebted to appellee in the sum of $3,075.

The one question properly presented for our consideration is whether or not, under the facts found, appellee was at the time the policy was issued the "unconditional and sole owner" of the property insured. It is earnestly, and with much plausibility, contended by counsel for appellant that the agreement by which Gold and appellee were to become partners on the payment by the former of the sum of $2,500, and the fact of his subsequent payment of $800 on the contract, gave Gold such an interest in the property as to avoid the policy.

We cannot concur in this view. By the so-called partnership agreement, it was stipulated that Gold was "to be and become a partner," and was to have an interest in the store and business "when he had paid the full amount agreed upon." It was an agreement for a future partnership which was never consummated. Gold did not pay the $2,500, was never placed in possession, and did not become a partner. His contract was in the nature of an option, or a right to acquire an interest, which right could be abandoned by him at any time, and which was not enforceable against him by appellee. Not being so enforceable, appellee could not compel Gold to share the loss. *Phenix Ins. Co.* v. *Kerr* (1904), 129 Fed. 723, 64 C. C. A. 251, 66 L. R. A. 569; *Richardson* v. *Hardwick* (1882), 106 U. S. 252, 1 Sup. Ct. 213, 27 L. Ed. 145; *Gustin* v. *Union School District, etc.* (1893), 94 Mich. 502, 54 N. W. 156, 34 Am. St. 361.

Under the facts found, the interest of appellee in the property destroyed by fire was unconditional and

sole within the meaning of the policy provision. *Erb* v. *Fidelity Ins. Co.* (1896), 99 Iowa 727, 69 N. W. 261; *Carrigan* v. *Lycoming Fire Ins. Co.* (1881), 53 Vt. 418, 38 Am. Rep. 687; *Kronk* v. *Birmingham Fire Ins. Co.* (1879), 91 Pa. St. 300; *Brunswick, etc., Co.* v. *Northern Assurance Co.* (1905), 142 Mich. 29, 105 N. W. 76; 19 Cyc 694, 696. The court did not err in its conclusions of law.

Judgment affirmed.