## No. 11,511.

### WATKINS *v.* SECURITY BENEFIT ASSOCIATION.

Decided February 21, 1927.

Action on life benefit certificate. Judgment for defendant.

### *Affirmed.*

1. INSURANCE—*Pleading—Negativing Exception.* In an action on a life benefit certificate, the by-laws of the company precluded a recovery if death resulted from abortion or attempted abortion, except the attempt was made under advice of a physician for the purpose of saving assured's life. The defense was abortion, and it was not necessary that the answer negative the exception.

2. PLEADING—*Insurance Policy—Limited Liability.* In an action on a life benefit certificate, the defense was abortion, which under defendant's by-laws precluded a recovery except it was attempted under the advice of a physician for the purpose of saving assured's life. Plaintiff if she relied on the exception, should plead and prove the facts to establish it.

3. EVIDENCE—*Life Insurance—Proof of Death.* In an action on a life benefit certificate, documents included in plaintiff's proof of death furnished defendant were admissible in evidence.

   A litigant may not assert in one breath, and deny in the next and succeed in both.

4.  TRIAL—*Verdict—Motion to Direct by Both Parties—Effect.* Motion
    by both parties for a directed verdict is in effect a submission of
    the cause to the court.

*Error to the District Court of the City and County of
Denver, Hon. Julian H. Moore, Judge.*

Mr. F. T. JOHNSON, Mr. L. E. MARTIN, for plaintiff in
error.

Mr. WILLIAM H. WADLEY, Mr. A. W. FULTON, Mr.
GEORGE R. ALLEN, for defendant in error.

*Department One.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the
court.

THESE parties appear here in the same order as in the
trial court and we hereinafter refer to them as there.

The life of Margaret E. Watkins, as a member of the
Ouray council of defendant, was insured by the latter in
the sum of $1,000 in favor of plaintiff, her mother. The
insured died and the mother sued on the contract. At
the close of the evidence each party moved for a directed
verdict. Plaintiff's motion was denied and defendant's
granted. To review the judgment thereupon entered
plaintiff brings error.

Defendant's constitution and by-laws, admittedly con-
trolling, preclude recovery in case of death from, or at-
tempt to commit, abortion, "except the same is done upon
the advice of a physician for the purpose of saving the
member's life." One defense was death from abortion,
or attempt to commit abortion, but the answer did not
negative the exception.

There was sufficient evidence, if properly admitted,
to support said defense, hence but two questions require
consideration: (1) Must the exception be negatived?
(2) Was said evidence admissible?

1.  That such a negative is unnecessary in an indictment or information in a criminal case is well settled in this jurisdiction. *Johnson v. People,* 33 Colo. 224–234, 80 Pac. 133, 108 Am. St. Rep. 85, and cases there cited. The reasoning of those authorities is equally applicable in a civil case.

Defendant cites to the contrary: *Loyal Mutual Co. v. Brown Co.,* 47 Colo. 467–475, 107 Pac. 1098; *Grand Lodge of A. O. U. W. v. Taylor,* 44 Colo. 373, 99 Pac. 570; and *Ross-Lewin v. Germania L. Ins. Co.,* 20 Colo. App. 262–268, 78 Pac. 305. Conceding all that is claimed for the foregoing they are not in point. They reach only to the proposition that defendant was bound to plead and prove abortion or attempted abortion and death as a result. For exactly the same reason plaintiff, if she relied upon the exception, must plead and prove it. Moreover, the presumption is that the facts of such exception, if they existed, were peculiarly within her knowledge.

2. The disputed evidence consisted of documents included in plaintiff's proof of death which she furnished defendant under the terms of the contract of insurance and upon which she relied to establish her claim. For that reason, and others, it was admissible. A litigant may not assert in one breath and deny in the next and succeed in both. We do not further discuss the correctness of the rulings because the objections thereto were indefinite and insufficient and no exceptions were saved.

It is settled in this jurisdiction that the effect of the motions by plaintiff and defendant was a submission of the cause to the court. In directing a verdict the court said: "This court has no doubt at all but that the evidence clearly discloses that the deceased died as the result of a criminal abortion." It is undisputed that plaintiff herself so alleged and a coroner's jury so found. If anything to the contrary developed on the trial it has not been brought to our attention.

The judgment is affirmed.

MR. JUSTICE DENISON, MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.