No. 12,742.

NORTHWESTERN FIRE AND MARINE INSURANCE COMPANY *v.*
GLASS.
(19 P. [2d] 489)

Decided February 14, 1933.

Mr. S. D. CRUMP, for plaintiff in error.

Mr. PHILIP HORNBEIN, Mr. THEODORE EPSTEIN, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties are hereinafter referred to as the company and Glass respectively.

The company issued a fire insurance policy for $2,000 on a building and mining machinery therein. There was a loss and on the verdict of a jury Glass had judgment for $1,725. To reverse that judgment the company prosecutes this writ.

The company contends: (1) That the policy was not written to Glass and could not be enforced in his favor, if at all, until reformed; (2) that Glass was not the owner of the property; (3) that the "watchman" clause of the policy was violated; (4) that Glass did not own the land on which the property was located; (5) that Glass had violated the vacancy clause.

 1. Glass and some associates were operating the "*Kid* Placer Mine." He told the agent of the company he owned the building and machinery and wanted protection. There was no written application. The agent inspected the property and himself (apparently having heard the name of the mine and mistaking it) without instruction or authority, wrote into the policy "the *Kip* Placer Mine" as the insured. These facts are all pleaded and undisputed. Such a contract so made requires no reformation. *Baker v. Liverpool & L. & G. Ins. Co.* (Tex. Civ. App.), 275 S. W. 316; *General Accident Co. v. Cohen,* 73 Colo. 459, 216 Pac. 522. Since with full knowledge the company erroneously named the insured it can take no advantage of its own fault. *Carey v. Home Ins. Co.,* 97 Ia. 619, 66 N. W. 920. The company relies on *Merchants Ins. Co. v. Harris,* 51 Colo. 95, 116 Pac. 143. There was a decree of reformation in that case, as there probably might have been here, but we did not hold reformation essential. On the whole that authority is against the company.

2. That the interest of Glass in the property insured was such that the loss fell upon him is supported by the evidence. This constitutes sufficient proof of ownership. *Livingstone v. Boston Ins. Co.*, 255 Pa. 1, 99 Atl. 212; *Erb v. Fidelity Ins. Co.*, 99 Ia. 727, 69 N. W. 261; *Manchester Fire Assurance Co. v. Abrams*, 89 Fed. 932.

3. The policy provided for a watchman when required by "watchman clause A by provision above." Said "provision above" recited that "the following enumerated parts of the plant shall be subject to the conditions of 'watchman clause A' below." On the blank line provided for this enumeration nothing was "enumerated," hence there was nothing to which the clause could be applied.

4. The policy recited that it should be void if "the subject of insurance be a manufacturing establishment, and it be operated in whole or in part later than ten o'clock, or if it cease to be operated for more than ten consecutive days." This was not a manufacturing plant, but this defense is not good because not pleaded. *Loyal Mutual Co. v. Brown*, 47 Colo. 467, 107 Pac. 1098.

5. The policy further provided that it should be void if the property was "on ground not owned by the insured in fee simple." This defense, like that mentioned in 4, supra, was not pleaded and for the same reason is not good.

Glass asked this company's agent for a policy which would protect him. That agent personally inspected the property and its location. Glass disclosed the essential conditions. A policy was accordingly written, delivered and paid for. Glass sustained a loss covered by the contract. The defenses made rest upon mere technicalities or the error of the agent and we think are without merit.

The judgment is accordingly affirmed.

Mr. Chief Justice Adams and Mr. Justice Bouck concur.